**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000031**
**06-MAR-2018**
**11:27 AM**

NO. CAAP-17-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STONECREST ACQUISITIONS, LLC, Plaintiff-Appellee,
vs.
MICHELE C. RUNDGREN, Defendant-Appellant,
and
REX ORION RUNDGREN aka TODD RUNDGREN and DAN BRIGGS,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10;
DOE ASSOCIATIONS 1-10; DOE GOVERNMENTAL ENTITIES 1-10,
Defendants.


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5RC-16-1-0424)


ORDER DENYING HRAP RULE 40 MOTION
FOR RECONSIDERATION OF FEBRUARY 15, 2018
ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) the February 15, 2018 order
dismissing appeal for lack of appellate jurisdiction,
(2) Defendant-Appellant Michele C. Rundgren's (Rundgren)
February 26, 2018 motion for reconsideration of the February 15,
2018 order of dismissal pursuant to Rule 40 of the Hawai'i Rules
of Appellate Procedure (HRAP), and (3) the record, it appears
that we did not overlook or misapprehend any points of law or
fact when we entered the February 15, 2018 order of dismissal.

We note, in particular, that the December 7, 2016 judgment for possession and the December 21, 2016 summary judgment order directly address the merits of Plaintiff-Appellee Stonecrest Acquisitions, LLC's (Stonecrest Acquisitions) complaint for (1) ejectment and (2) trespass, and, thus, they do not qualify for appeal under the collateral order doctrine. See Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (limiting the collateral order doctrine to orders that resolve an important issue completely separate from the merits of the action).

Moreover, although the December 7, 2016 judgment for possession (with an accompanying December 7, 2016 writ of possession) was immediately appealable under the Forgay doctrine, Rundgren's January 20, 2017 notice of appeal was not timely as to the December 7, 2016 judgment for possession under HRAP Rule 4(a). "The immediate appeal of the judgment for possession under the Forgay doctrine being untimely, [the aggrieved party] must await final resolution of all claims in the case before challenging the judgment for possession." Ciesla v. Reddish, 78 Hawai'i 18, 21, 889 P.2d 702, 705 (1995). As explained in the February 15, 2018 order of dismissal, the December 21, 2016 summary judgment order does not qualify as an appealable final order under HRS § 641-1(a) (2016) and Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426-27, 984 P.2d 1251, 1252-53 (1999), because the December 21, 2016 summary judgment order adjudicated the issue of liability as to trespass without resolving the outstanding issue whether Stonecrest Acquisitions was entitled to a corresponding award of money damages, which the district court retained for further action in the future.

When we perceive a jurisdictional defect on appeal, we must *sua sponte* dismiss the appeal. Ciesla, 78 Hawai'i at 20, 889 P.2d at 704.

//

//

-2-

Therefore, IT IS HEREBY ORDERED that Rundgren's February 26, 2018 HRAP Rule 40 motion for reconsideration of the February 15, 2018 order of dismissal is denied.

DATED: Honolulu, Hawaiʻi, March 6, 2018.

Presiding Judge

Associate Judge

Associate Judge